# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SONJA MARIE GRASS,

    *Plaintiff,*

vs.

ST. FRANCIS COMMUNITY SERVICES
and LETITIA HERRMAN,

    *Defendants.*

Case No. 16-01058-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Sonja Marie Grass, proceeding *pro se*, brings this action against Defendants St. Francis Community Services and Letitia Herrman asserting various allegations related to her children, ex-husband, and employment. Currently before the Court is Defendants' Motion to Dismiss (Doc. 14). Defendants contend that dismissal of this action is appropriate because the Court lacks subject matter jurisdiction, Plaintiff has failed to state a claim under which relief may be granted, and Defendants are entitled to qualified immunity. For the reasons set forth below, the Court grants Defendants' motion.

### I.    Factual and Procedural Background

Plaintiff filed a Complaint against Defendants on February 29, 2016, using the "Civil Complaint" form provided by the District on its website. In her Complaint, Plaintiff alleges jurisdiction based on diversity, but the Civil Cover Sheet indicates that all parties are residents of

the State of Kansas. She also alleges "arising under" jurisdiction under 28 U.S.C. § 1331. In the area requiring her to list the constitutional provisions or federal statutes that support this jurisdiction, Plaintiff did not fill in a response. However, she did indicate that jurisdiction arises out of the violation of her civil rights and identified the following amendments and statutes in the area setting forth "other grounds" for federal jurisdiction: "Amendment I, II, IV, and K.S.A. 2014 23-37, 104, 23-37, 311 and K.S.A. 23-37, 308."

In her Statement of Claim, Plaintiff refers to Defendant Letitia Herrman as a caseworker. She also references the fact that she does not have custody of her children. The specific allegations of the Complaint are that Defendant Herrman (1) threatened Plaintiff with her kids; (2) "violat[ed] [Plaintiff's] rights"; (3) allowed Plaintiff's ex-husband to harass her; (4) caused Plaintiff to lose her job; (5) engaged in emotional and mental abuse; and (6) made objectionable remarks to Plaintiff over the phone. Plaintiff asks for actual damages in the amount of $75,000 to $100,000 and punitive damages.

Defendants subsequently filed a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6). Plaintiff did not respond to Defendants' motion. Therefore, the motion is ripe for the Court's determination.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs dismissal based on subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations.[1] Defendants challenge the face of the Complaint, so the Court presumes the accuracy of Plaintiff's factual allegations and does not

---

[1] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

consider evidence outside the complaint.[2]  "[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress."[3]  Courts "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."[4]  Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[5]  Plaintiff bears the burden of alleging sufficient facts to overcome this presumption.[6]

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[7]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[8]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]  In determining whether a claim is facially

---

[2] *Id.*

[3] *Wyeth Lab. v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988) (citing 32A Am. Jur. 2d Federal Practice and Procedure § 1228 (1982)).

[4] *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)) (internal quotation marks omitted); Fed. R. Civ. P. 12(h)(3).

[5] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation omitted).

[6] *Id.*

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)) (internal quotation omitted).

plausible, the court must draw on its judicial experience and common sense.[10] All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[11]

Plaintiff has filed her Complaint *pro se*. A *pro se* plaintiff's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers.[12] This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[13] The district court, however, does not have to assume the role of advocate for the *pro se* litigant.[14]

### III. Analysis

**A. Subject Matter Jurisdiction- Rule 12(b)(1)**

Federal Rule of Civil Procedure 8(a)(1) requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."[15] Plaintiff's Complaint fails to plead sufficient grounds to identify the basis on which the Court would exercise subject matter jurisdiction over this case.

---

[10] *Iqbal*, 556 U.S. at 678.

[11] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[12] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[13] *Id*.

[14] *Id*.

[15] Fed. R. Civ. P. 8(a)(1).

On the Complaint and Civil Cover Sheet, Plaintiff indicated that this Court has subject matter jurisdiction based on diversity. However, Plaintiff also indicated on the Civil Cover Sheet that Plaintiff and Defendants are all citizens of Kansas. Therefore, the Court does not have subject matter jurisdiction based on diversity under 28 U.S.C. § 1332.

Plaintiff also indicated in her Complaint that she is asserting "arising under" jurisdiction under 28 U.S.C. § 1331. Nowhere in the Complaint, however, are any factual allegations stating how Plaintiff's civil rights were violated or why "Amendments I, II, IV, [and] K.S.A. 2014 23-37, 104, 23-37, 311 or K.S.A. 23-37, 308" are relevant to this case. Plaintiff has not stated why any of the constitutional provisions apply, how a violation or injury has occurred, or on what basis she is entitled to relief. Nothing in the Complaint suggests a First or Second Amendment issue. And while the search of her house could suggest a Fourth Amendment issue, Plaintiff's only statement regarding the search is that "my house is being searched because of accusations of my ex-husband." Plaintiff does not allege how or when her house was searched or even that Defendants searched her house. Furthermore, the Kansas statutes Plaintiff cites are Uniform Child Custody Jurisdiction Act statutes, which do not provide a basis for federal jurisdiction.

A case "arises under" federal law for purposes of establishing jurisdiction under 28 U.S.C. § 1331 only when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law."[16] The Court cannot discern how Plaintiff's alleged right to relief turns

---

[16] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

on a question of federal law.  Plaintiff has not met her burden to show that jurisdiction is appropriate under 28 U.S.C. § 1331.  Therefore, the Court must dismiss the Complaint.[17]

**B.**     **Failure to State a Claim- Rule 12(b)(6)**

Even if the Court could exercise subject matter jurisdiction, Plaintiff's Complaint must still be dismissed because it fails to state a claim under which relief may be granted.  Plaintiff alleges that this case arises out of violation of her civil rights.  Although she does not cite a specific statute, the Court presumes that Plaintiff intends to employ 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege:  "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage of any State or Territory or the District of Columbia."[18]

None of the allegations in Plaintiff's Complaint satisfy this standard.  Although Plaintiff cites the First, Second, and Fourth Amendments, she does not state what actions Defendants took that violated these rights, whether Defendants are private or state actors, or whether Defendants were acting under color of state law.  Therefore, Plaintiff has not stated a claim under § 1983 and her Complaint must be dismissed on this basis as well.

---

[17] Defendants have also argued that the Court does not have subject matter jurisdiction over the Complaint based on the Younger abstention doctrine and the domestic relations exception.  Because the Court has already found that the Complaint does not comply with Rule 8(a)(1), it declines to address these arguments at this time.

[18] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)) (internal quotation marks omitted).

-7-

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of October, 2016.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE